William THURMOND Plaintiff–Appellant,

v.

William WILKENLOH and Karen Wilkenloh, his wife, Individually and as Trustee of the Karen M. Wilkenloh Revocable Living Trust Defendants–Appellees.

No. 00–3144.

United States Court of Appeals, Eighth Circuit.

Submitted April 11, 2001.

Filed Oct. 5, 2001.

---

\* The Honorable Cynthia Holcomb Hall, United States Circuit Judge for the Ninth Circuit, sitting by designation.

**480**

Before WOLLMAN AND MURPHY, Circuit Judges, and GOLDBERG,[1] Judge.

PER CURIAM.

Plaintiff-appellant, William Thurmond, appeals the district court's[2] order granting defendants-appellees' Motion for Summary Judgment. Thurmond brought suit against the defendants-appellees claiming they were liable for the injuries he sustained during a fall from the roof of their home while performing roof work. Thurmond was employed at the time of the accident by an independent contractor hired by the defendants-appellees. Subject matter jurisdiction was established by diversity of citizenship. *See* 28 U.S.C. § 1332 (1994).

Thurmond claims that the trial court erred by granting summary judgment because a genuine issue of material fact existed as to whether Thurmond was injured as a result of an inherently dangerous activity. We affirm the decision of the district court.

After a careful examination of the record, this Court finds that the trial court did not commit error by granting the defendants-appellees' Motion for Summary Judgment. The trial court correctly determined, as a matter of Missouri law, that the roofing work was not inherently dangerous. *See Hatch v. V.P. Fair Foundation, Inc.*, 990 S.W.2d 126, 136 (Mo.Ct.App. 1999) ("If . . . the trial court concludes the activity does not involve some peculiar risk of harm, then the activity is not inherently

---

1. The Honorable Richard W. Goldberg, Judge, United States Court of International Trade, sitting by designation.

2. The Honorable Jean C. Hamilton, Chief Judge, United States District Court for the Eastern District of Missouri.

dangerous as a matter of law."); *Hofstetter v. Union Electric Co.*, 724 S.W.2d 527, 529–30 (Mo.Ct.App.1986). Under Eighth Circuit Rule 47B, no further commentary is warranted.